UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALVIN PETERSON,

                Petitioner,                00 Civ. 4777 (RPP)(KNF)

    - against -                           **OPINION AND ORDER**

THE PEOPLE OF THE STATE OF NEW
YORK, ET AL.,

                Respondents.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      The Petitioner, Alvin Peterson ("Peterson"), brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 alleging that the judgment of conviction entered against him in a New York state court and the resulting constraint on his liberty is unlawful. Petitioner raises the following claims: (1) that the decision by a state appellate court to affirm Petitioner's judgment of conviction was inconsistent with this Court's decision on his prior habeas corpus petition; (2) that the delay in the imposition of his sentence requires the dismissal of the indictment; and (3) that his trial and appellate counsel provided ineffective assistance of counsel. (Pet., signed Apr. 28, 2000, rec'd by the Pro Se office of the United States District Court for the Southern District of New York May 18, 2000, filed June 28, 2000, at 5-6.)

      On March 31, 2005, Magistrate Judge Fox issued his Report and Recommendation that the petition be granted in part and denied in part. Peterson v. People of State of New York, No. 00 Civ. 4777, 2005 U.S. Dist. LEXIS 6389, at *38 (S.D.N.Y. Mar. 31, 2005). Respondents, in their "Objections to Magistrate Judge Fox's Report and Recommendation," dated April 27, 2005, argue that the presence of the unexhausted claims of ineffective assistance of trial and appellate

counsel preclude this Court from granting any part of the petition.[1] (Resp't Objections at 2.) Magistrate Judge Fox's Report and Recommendation correctly states that a district court addressing a habeas corpus petition "may <u>deny</u> the petition on the merits even though it contains an unexhausted claim." <u>Peterson</u>, 2005 U.S. Dist. LEXIS 6389, at *21 (emphasis added) (citing <u>Pratt v. Greiner</u>, 306 F.3d 1190, 1196-97 (2d Cir. 2002) (citing 28 U.S.C. § 2254(b)(2))). However, a district court may not <u>grant</u> a habeas petition when the petition contains unexhausted claims, unless the unexhausted claims are subject to the exceptions to the exhaustion requirement. Such exceptions, as provided in 28 U.S.C. § 2254(b)(1)(B), apply when: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Neither of these exceptions applies to Petitioner's unexhausted claim of ineffective assistance of appellate counsel, and, therefore, this Court does not adopt the recommendation of Magistrate Fox with respect to the exhaustion issue.

**BACKGROUND**

The pertinent facts of this case, which are adopted by this Court, are set forth in Magistrate Judge Fox's 2005 Report and Recommendation. <u>Peterson</u>, 2005 U.S. Dist. LEXIS 6389, at *2-*15. For the purposes of this opinion, the Court shall assume familiarity with the most relevant facts.

**DISCUSSION**

A person in state custody who files a federal habeas petition must first exhaust the available state court remedies before the federal court may grant the petition, unless "there is an

---

[1] The "Objections to Magistrate Judge Fox's Report and Recommendation" was filed by the New York County District Attorney's Office. By a letter dated April 28, 2005, the Office of the Attorney General of the State of New York notified this Court that it had decided not to file objections to Magistrate Judge Fox's 2005 Report and Recommendation. (<u>See</u> Letter from Luke Martland, Section Chief of the Federal Habeas Corpus Section of the Office of the Attorney General, to the Court, dated April 28, 2005.)

2

absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court adopted a "total exhaustion" rule by holding that a "mixed petition," i.e., a petition containing both exhausted and unexhausted claims, should be dismissed as a whole, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510. In 1996, Congress modified this "exhaustion rule" by the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214, which amended 28 U.S.C. § 2254(b)(2) to read as follows: "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Although the Second Circuit has not ruled on whether a federal court may grant a mixed petition, other federal courts have interpreted this provision to allow courts to deny mixed petitions on the merits, but not to allow courts to grant mixed petitions on the merits. See, e.g., Moore v. Schoeman, 288 F.3d 1231 (10th Cir. 2002); see also Turner v. Artuz, 262 F.3d 118, 122 (2d Cir. 2001) (discussing the amendment of 28 U.S.C. § 2254(b)(2) and stating that "[a] district therefore now has the option of denying mixed petitions on the merits") (emphasis added).

The exhaustion of state remedies requires that a petitioner must have "fairly presented" to the state court any federal claim subsequently raised in a federal habeas corpus petition "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 365, 365-66 (1995) (internal quotation marks and citation omitted); see also Abdurrahman v. Henderson, 897 F.2d 71, 73 (2d Cir. 1990). A petitioner need not cite "book and verse" of hornbook law to raise the federal claim in the state

3

court but some degree of specificity is required. Picard v. Connor, 404 U.S. 270, 278 (1971); see also Abdurrahman, 897 F.2d at 73. A petitioner may alert a state court of his "constitutional claims by reliance on federal and state cases employing constitutional analysis, asserting particulars that highlight a constitutional right, or alleging facts within the mainstream of constitutional litigation." Abdurrahman, 897 F.2d at 73 (internal quotation marks and citation omitted).

    A. Petitioner's Claim that the State Appellate Court's Decision was Inconsistent with this Court's Decision on His Prior Habeas Corpus Petition

Petitioner's first claim is unexhausted since this issue was not presented to the state courts. However, as Respondents admit, because there is an absence of available state corrective process, exhaustion of state remedies is not required for this claim. See 28 U.S.C. § 2254(b)(1)(B)(i).

    B. Petitioner's Claim that the Delay in the Imposition of His Sentence Requires the Dismissal of the Indictment

Petitioner has exhausted his claim that the indictment should have been dismissed based on the three-and-a-half-year delay in imposing sentence, measuring from the time of his arrest on August 7, 1993 and his final sentence on February 14, 1997, which judgment was entered on February 28, 1997.[2] (See Resp't Mem. of Law in Opp'n to Pet. for a Writ of Habeas Corpus, dated Nov. 25, 2003 ("Resp't 11/25/03 Mem."), at 13.) In Peterson's direct appeal to the Appellate Division First Department, he asserted that the delay in the imposition of his sentence and the resulting imprisonment violated C.P.L. § 380.30 (requiring that "[s]entence must be

---

[2] Although Respondents, as represented by the Attorney General, conceded that Petitioner exhausted this claim, Respondents, as represented by the District Attorney, argue that Petitioner did not exhaust his claim that his due process rights were violated as a result of the delay in sentencing but rather "constructively exhausted" this claim. (Resp't Objections at 3.) However, Petitioner's unsuccessful "Appellant's Brief," submitted on direct appeal to the Appellate Division First Department, specifically claimed a due process violation based on the delay in sentencing. (Appellant's Br., dated January 1999, attached as Ex. A to Decl. of Willa J. Bernstein, dated Nov. 24, 2003 ("Bernstein Decl."), at 17, 19.)

4

pronounced without unreasonable delay"), the Due Process Clause of the Fifth Amendment, the Speedy Trial Clause of the Sixth Amendment, and the Interstate Agreement on Detainers, codified in C.P.L.§ 580.20. (Appellant's Br., Bernstein Decl. Ex. A, at 11-32.) He also argued that these violations required dismissal of the indictment. (Id.) On September 9, 1999, Peterson's judgment of conviction was affirmed by the Appellate Division First Department. See People v. Peterson, 264 A.D.2d 574, 695 N.Y.S.2d 550 (1st Dep't 1999). The New York Court of Appeals later declined to entertain an appeal by Peterson from the Appellate Division's decision. See People v. Peterson, 94 N.Y.2d 865, 704 N.Y.S.2d 541 (1999). Thus, Petitioner's second claim is exhausted.

  C. Petitioner's Claim of Ineffective Assistance of Trial Counsel

Respondents argue that because the ineffective assistance of counsel claim was framed as a contributing factor to the "totality of circumstances" causing the delay in sentencing and a denial of due process, and not as a defect as of its own right, Petitioner failed to exhaust his state remedies for this claim. (Resp't 11/25/03 Mem. at 13-14.) Peterson's "Appellant's Brief," dated January 1999 and submitted to Appellate Division First Department, cites Strickland v. Washington, 466 U.S. 668 (1994), the seminal case for an ineffective assistance of counsel claim, and discusses several aspects of the trial counsel's performance, which Petitioner argued were deficient. (Appellant's Br., Bernstein Decl. Ex. A, at 17-18.) Although the "Appellant's Brief" frames this ineffective assistance of trial counsel argument in the context of a claim of a due process violation and the Appellate Division First Department did not rule on this constitutional issue, Peterson's citation to Strickland raised the appropriate standard for review of such a claim and the statement of the deficiencies of trial counsel presented the substance of the federal claim to the state court. Thus, Petitioner "afforded the state court both notice and a

5

fair opportunity to review his claim." See Abdurrahman, 897 F.2d at 73; see also Picard, 404 U.S. at 278. His claim of ineffective assistance of trial counsel is therefore exhausted.[3]

   D. Petitioner's Claim of Ineffective Assistance of Appellate Counsel

Petitioner has failed to exhaust his state remedies in regards to his claim of ineffective assistance of appellate counsel. Peterson has not presented this claim to any state court, and he may raise this claim in state court by filing a writ of coram nobis.[4] See People v. Bachert, 69 N.Y.2d 593, 516 N.Y.S.2d 623 (1987). Therefore, Petitioner's claim of ineffective assistance of appellate counsel is not exhausted.

**CONCLUSION**

Petitioner has requested that this Court grant a stay to allow him to exhaust his state remedies for any claim deemed unexhausted instead of dismissing the petition as a mixed petition. As Peterson timely filed this mixed habeas petition and a dismissal "could jeopardize the timeliness of a collateral attack," his request for a stay is granted. See Zarvella v. Artuz, 254 F.3d 374, 380-82 (2d Cir. 2001) (quotation marks omitted), cert. denied sub nom. Fischer v. Zarvela, 534 U.S. 1015 (2001). Petitioner must initiate state court action within thirty days of the stay and return to federal court within thirty days of completing the state action. See id. at 381. If either condition of this stay is not met, the stay will be vacated nunc pro tunc as of the

---

   [3] Even if this Court were to find that Peterson failed to exhaust his state remedies for his ineffective assistance of trial counsel claim, this claim would be deemed exhausted under 28 U.S.C. § 2254(b)(1)(B)(i) because it would be procedurally barred in the state courts. See C.P.L. § 440.10(2)(c) (barring collateral review of a claim if it could have been raised on direct appeal).
   [4] Petitioner cites Abdurrahman to support the proposition that when the record is adequate for review, a district court may review a claim of ineffective assistance of appellate counsel even if a petitioner has not exhausted his state remedies by means of a writ of error coram nobis. (Letter from Oliver A. Smith, Counsel for Petitioner, to The Honorable Kevin Nathaniel Fox, dated March 24, 2004, at 2.) However, in Abdurrahman, the petitioner raised the issue of ineffective assistance of appellate counsel in the appellate proceedings by filing a supplemental brief with the appellate division, thereby fairly presenting the issue to the state courts. 897 F.3d at 73. In this case, Petitioner has not brought forward this claim in any state proceeding.

date the stay is entered. See id. Alternatively, Petitioner may amend his petition within thirty days to contain only his exhausted claims. See Pratt, 306 F.3d at 1197.

IT IS SO ORDERED.


Dated: New York, New York
       May 26, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order sent to:**
Counsel for Petitioner
Oliver A. Smith
75 Maiden Lane, Suite 231
New York, NY 10038
Tel:  212-406-6783
Fax:  212-406-6920

Counsel for Respondents
Robert M. Morgenthau
District Attorney
New York County
One Hogan Place
New York, NY 10013
Attn:  Nicole Beder
Tel:   212-335-3489
Fax:   212-335-9288